JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| LAURACK D. BRAY, | Case No. 2:24-cv-08640-FMO (AJR) |
|---|---|
| Plaintiff, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER** |
| v. | |
| MATTHEW S. KENEFICK, et al., | |
| Defendants. | |

## INTRODUCTION

On October 8, 2024, Plaintiff filed a Complaint and a Request to Proceed in Forma Pauperis ("IFP request"). (ECF Nos. 1, 5.) In the Complaint, Plaintiff alleged racial discrimination in violation of 42 U.S.C. § 1981 and a state law claim of defamation. (ECF No. 1 at 9-11.)

On October 31, 2024, the Court issued an order postponing a ruling on the IFP request until Plaintiff provided more information. (ECF No. 15.) The Court ordered Plaintiff either to file another IFP request that explains why his monthly expenses exceeds his monthly income by $1,070 or to pay the filing fee of $405. (*Id*.) The Court also ordered Plaintiff to file an Amended Complaint with more factual allegations for his claim of racial discrimination. (*Id*.) The Court warned

Plaintiff that his failure to comply with the Court's order within 30 days could result in the dismissal of this action. (*Id*.)

As of this date, more than 30 days later, Plaintiff has not filed another IFP request, paid the filing fee, or filed an Amended Complaint. Instead, Plaintiff has filed a "Motion to the Chief Judge" arguing that this case was improperly assigned to the undersigned District Judge and that this case should proceed before a different District Judge who grants the IFP request. (ECF No. 16.) For the following reasons, this action is dismissed without prejudice.

## DISCUSSION

### A. Legal Standard.

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to prosecute or to comply with the court's order. *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). Specifically, the failure of a plaintiff to comply with a district court's order to file an amended complaint is properly met with the sanction of dismissal under Rule 41(b). *Applied Underwriters, Inc., v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (collecting cases). "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

"[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 986 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). A district court's sanction of dismissal generally will be affirmed where at least four factors

support dismissal or where at least three factors strongly support it. *Hernandez*, 138 F.3d at 399. As stated below, four of the five factors support dismissal.

### B.      Analysis.

#### 1.      The Public's Interest in Expeditious Resolution.

The first factor supports dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

#### 2.      The Court's Need to Manage Its Docket

The second factor also supports dismissal. Plaintiff's failure to respond to the Court's Order interferes with the Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket.") (internal citation omitted); *see also Irvin v. Madrid*, 749 F. App'x 546, 547 (9th Cir. 2019) ("The second factor also favors dismissal because the district court is in the best position to determine whether a particular set of circumstances interferes with docket management.").

#### 3.      The Risk of Prejudice to Defendants.

The third factor also supports dismissal. The risk of prejudice is "related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. The record suggests no plausible reason for Plaintiff's failure to comply with the Court's Order. This indicates sufficient prejudice to Defendant. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay).

#### 4.      The Public Policy Favoring Disposition of the Merits.

The fourth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460

F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399).  On the other hand, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Products Liability Litigation*, 460 F.3d at 1228 (citations and quotation marks omitted).  Thus, this factor alone does not preclude dismissal.

### 5. The Availability of Less Drastic Alternatives.

The fifth factor supports dismissal.  "Here the fact that the district court allowed [Plaintiff] an additional thirty days to amend his complaint . . . constituted an attempt at a less drastic sanction than outright dismissal."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  The Court also warned Plaintiff that the failure to comply with the Court's Order to amend his Complaint would result in dismissal.  *See Products Liability Litigation*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citing, *inter alia*, *Ferdik*, 963 F.2d at 1262 ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")).  Despite the Court's warning, Plaintiff failed to file an Amended Complaint.

### C. Conclusion.

Four of the five factors support dismissal of the action for failure to comply with an Order of the Court.  Moreover, the severity of the sanction is lessened because the dismissal is without prejudice rather than with prejudice, thereby "giving the plaintiff an opportunity to return and prosecute his claims another day."  *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984).  In sum, dismissal without prejudice is warranted.

\\

\\

\\


**ORDER**

It is ordered that the action is dismissed without prejudice. Fed. R. Civ. P. 41(b).

DATED: December 3, 2024

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE